FILED

AUG 2 0 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE


NOT FOR PUBLICATION


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    )      Case No. 04-14062-B-13
                                         )
Rosemary Gill,                           )
                                         )
                    Debtor.              )
_____)

**MEMORANDUM REGARDING APPLICATION
FOR PAYMENT OF UNCLAIMED FUNDS**

This memorandum is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

CitiCorp., N.A. ("CitiCorp."), successor-in-interest to CitiMortgage, Inc. ("CitiMortgage") has filed an Application for Payment of Unclaimed Funds (the "Application") relating to monies which the chapter 13 trustee deposited with the Treasurer of the United States pursuant to 11 U.S.C. § 347(a) (the "Unclaimed Funds"). When Rosemary Gill (the "Debtor") was in bankruptcy, CitiMortgage held a fully secured mortgage against her residence. The Unclaimed Funds represent post-petition mortgage payments which the Debtor was required to pay through the chapter 13 trustee, during the term of her case. Because the Application does not establish that CitiCorp. is still entitled to receive any mortgage payments, the Application will be denied.

54

**Background.**

This bankruptcy was filed under chapter 13 in May 2004. M. Nelson Enmark, Esq., was appointed as the chapter 13 trustee ("Enmark"). The bankruptcy schedules report that CitiMortgage held a fully secured mortgage lien against the Debtor's residence located in Fresno, California (the "Residence").[1] CitiMortgage filed a proof of fully secured claim in May 2004. The Debtor filed a proposed modified chapter 13 plan which shows that the regular post-petition monthly mortgage payment to CitiMortgage was $1,534 per month (the "Mortgage Payments"). CitiMortgage's proof of claim, and the proposed chapter 13 plan, both state that the mortgage was in default at the commencement of the case and that CitiMortgage was owed an arrearage of approximately $11,000 to be paid through the plan (the "Arrearage Claim").

The Debtor confirmed a modified chapter 13 plan providing for monthly payments to CitiMortgage on account of its Arrearage Claim. However, pursuant to this court's General Order 03-03, the Debtor was also required to make the Mortgage Payments to CitiMortgage, with additional funds paid to Enmark. The Debtor's obligation to make Mortgage Payments began in the first month after the petition was filed and continued each month thereafter, so long as the case remained in chapter 13, whether a chapter 13 plan was confirmed or not. At least some of the Mortgage Payments were funded by the Debtor, and Enmark apparently did send those Payments to CitiMortgage at the address listed in the record. However, at some point, CitiMortgage merged with CitiCorp. and stopped receiving its Mortgage Payments from Enmark. After 90 days, Enmark stopped payment of one or more checks issued to CitiMortgage pursuant to 11 U.S.C. § 347(a) which provides in pertinent part:

> Ninety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

---

[1]The bankruptcy schedules state the value of the Residence to be $195,000. The mortgage debt to CitiMortgage is stated in amount of $181,000.

1    This bankruptcy case was dismissed in December 2004. In January 2005, Enmark

2  filed his Preliminary Final Report and Account showing $7,950 allowed and paid on

3  CitiMortgage's claim on account of the Mortgage Payments. In December 2005, Enmark

4  deposited $1,590.13 with the clerk of the court representing one or more uncashed checks

5  that was sent to CitiMortgage (the "Unclaimed Funds"). The bankruptcy case was closed

6  and the Final Decree was entered in January 2006.

7  **Procedure for Recovering Unclaimed Funds.**

8    Once the Unclaimed Funds were sent to the clerk of the court, they were deposited

9  with the Treasurer of the United States and became subject to the jurisdiction of 28

10  U.S.C. § 2041 which provides in pertinent part:

11  All moneys paid into any court of the United States, or received by the officers
thereof, in any case pending or adjudicated in such court, shall be forthwith
12  deposited with the Treasurer of the United States or a designated depositary, in the
name and to the credit of such court.

13

14  This section shall not prevent the delivery of any such money *to the rightful
owners* upon security, according to agreement of parties, under the direction of the
court. (Emphasis added.)

15

16    Unclaimed funds deposited with the Treasurer of the United States remain so

17  deposited until claimed. The trustee is required to file with the clerk of the court a list of

18  all known names and addresses of the entities and the amounts which they may be entitled

19  to claim from the money that is deposited pursuant to section 347. *Fed.R.Bankr.P. 3011.*

20  Unclaimed funds that have been deposited in the court for five years shall escheat to the

21  United States pursuant to 28 U.S.C. § 2042. No money paid into the court shall be

22  withdrawn except by court order. An entity entitled to any money deposited with the

23  court may, on petition to the court, and "*full proof of the right thereto*," obtain an order

24  directing payment of said money. *Id.* (Emphasis added.)

25    The procedure for a proper claimant to recover its money is prescribed in this

26  court's Guidelines Pertaining to Applications for Payment of Unclaimed Funds, Revised

27  December 19, 2007, and is summarized as follows:

28  A request for an order releasing unclaimed funds shall be made in a written

3

petition, application, or motion in compliance with Local Bankruptcy Rule 9014-1.  The

burden of proving an entity's entitlement to unclaimed funds rests with the entity.   An

Application for payment of unclaimed funds must be supported by competent evidence; it

must comply with *Fed.R.Bankr.P.* 9004(a) & (b); and it must comply with the general

requirements for forms set forth in Federal and local rules of bankruptcy procedure.  The

Application must contain, *inter alia*, the following information:

  a. The exact dollar amount of the dividend check(s) issued by the trustee to the original creditor/claimant and the date that the funds were deposited with the court as unclaimed funds;

  b. The name, address and telephone number of the original claimant (including documentation establishing identity, such as; a birth certificate, unexpired passport, or valid driver's license) and a brief history of the original creditor/claimant (from filing the claim to present) which includes, if applicable, any sale, merger, consolidation, buy-out, dissolution, marriage or death of the original claimant together with any supporting documentation;

  c. The petitioner's/applicant's/movant's identity and relationship to the original claimant;

  d. If the petitioner/applicant/movant is the claimant's agent, a statement that the claimant has authorized it to collect the funds, supported by an original power of attorney containing the claimant's notarized signature and such a grant of authority;

  e. If the petitioner/applicant/movant is the claimant's agent, the date copies of the petition/application/motion and any supporting documents were mailed to the claimant; and

  f. The date copies of the petition/application/motion and any supporting documents were mailed to the U.S. Attorney.

  An application for unclaimed funds may be filed by a representative of the original

claimant.  However, any order authorizing distribution of unclaimed funds must require

that the check be issued payable to the claimant and the representative applicant jointly so

that both must endorse it.  Upon receipt of an application for payment of unclaimed

funds, and payment of the appropriate fees, the Financial Administrator of the court will

review the application and accompanying documents for completeness, determine

whether the notice requirements have been met, and verify that the unclaimed funds

remain on deposit and that they are being paid to the proper creditor or to an agent

1  entitled to receive unclaimed funds on behalf of the proper creditor. The application, the

2  supporting documentation and the proposed order are then presented to the appropriate

3  judge.

4  **The Application Does Not Show That Any Post-petition Mortgage Payments are Still**
   **Owed.**

5

6  The court's analysis here focuses on the terms "rightful owner" and "right thereto"

7  as prescribed in 28 U.S.C. §§ 2041 & 2042. In support of the Application, CitiCorp.

8  submitted the documents required by the court's Guidelines. However, the Debtor did not

9  get a discharge of her debt to CitiCorp., and CitiCorp.'s mortgage claim was fully secured

10 by the Residence. As a fully secured creditor, CitiCorp. has always had recourse against

11 the Residence, and it is not entitled to receive the Mortgage Payments that were returned

12 to Enmark unless those Mortgage Payments are still owed. CitiCorp. has that burden of

13 proof.

14 More than three years have passed since this bankruptcy case was dismissed. Once

15 the case was dismissed, CitiCorp. had a right to demand full payment of the Arrearage

16 Claim and regular Mortgage Payments *from the Debtor*. If the Arrearage was not cured,

17 then CitiCorp. had a right to foreclose its lien against the Residence in satisfaction of the

18 secured obligation. Based on the passage of time, the court can infer that either the

19 Debtor has resolved any outstanding default in the mortgage, or the lien has been

20 foreclosed through the power of sale in the mortgage documents. Under either scenario,

21 CitiCorp. is no longer entitled to collect the Mortgage Payments that were returned to

22 Enmark more than three years ago. Under California law, a private nonjudicial

23 foreclosure through the power of sale in the lien documents bars the mortgagee from

24 receiving any additional money on account of its mortgage claim - the debt is deemed

25 fully satisfied. Cal.CodeCiv.P. § 580d; *Cornelison v. Kornbluth*, 15 Cal.3d 590, 602

26 (1975). Unless CitiCorp. can show that it is still entitled to receive the Mortgage

27 Payments, and can account for how those monies would be applied to the mortgage, then

28 it appears that the Unclaimed Funds should be returned to the Debtor.

1      The Debtor did not receive any notice that some of her Mortgage Payments were

2  unclaimed by CitiCorp. The Debtor did not receive any notice that the Unclaimed Funds

3  were sent to the clerk of the court. CitiCorp.'s Application was not served on the Debtor

4  and she has not had an opportunity to oppose the Application or respond with an

5  accounting to show whether any money is still owed to CitiCorp.[2] The Application

6  reveals nothing about the current status of the Residence or CitiCorp.'s fully secured

7  mortgage.

8  **Conclusion.**

9      In summary, it appears to the court that the Debtor may be the proper party to

10  claim the Unclaimed Funds. At the very least, the Debtor is entitled to receive notice of

11  CitiCorp.'s Application and an opportunity to assert her own claim for return of the

12  monies. The Debtor may submit an application for release of the Unclaimed Funds,

13  either by stipulation with, or on notice to CitiCorp. If CitiCorp. disagrees, then the matter

14  can and should be resolved with a noticed motion.

15      Based on the foregoing, CitiCorp. has not sustained its burden of proof to show

16  that it is still entitled to receive the Unclaimed Funds. Accordingly, the Application for

17  Unclaimed Funds submitted by CitiCorp., N.A., successor-in-interest to CitiMortgage,

18  Inc. , will be denied without prejudice. CitiCorp. and/or the Debtor may file a motion on

19  notice to the other party for an order directing release of the Unclaimed Funds supported

20  by proper evidence as to whom they should go to.

21      Dated: August _____, 2008

22

23                              W. Richard Lee
                                United States Bankruptcy Judge

24  _____

25      [2]The Debtor received a copy of the Trustee's Preliminary Final Report and Account
showing monies paid to CitiMortgage on account of the mortgage, but there is nothing in the

26  system that required Enmark to give notice that some of the checks were uncashed by
CitiMortgage, or that Enmark had deposited some of the Mortgage Payments with the clerk of

27  the court. The Debtor would have to initiate a search of the court's registry to determine if there

28  are any unclaimed funds on account of her bankruptcy case.

6